UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

RONALD PURNELL,

                                        Plaintiff,

                    -against-

NYC HRA P.O. NATASHA BLOUNT, Tax Registration
No. 993904, NYC HRA P.O. WHITE, NYC HRA P.O.
"JOHN DOES" 1-8 and THE CITY OF NEW YORK,

                                        Defendants.

----------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT BY DEFENDANTS CITYOF NEW YORK AND NATASHA BLOUNT**

18 Civ. 11758 (ALC)

JURY TRIAL DEMANDED

             Defendants City of New York and P.O. Natasha Blount, by their attorney,

Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the

Complaint respectfully allege, upon information and belief, as follows:

             1.   Deny the allegations set forth in paragraph "1" of the Complaint, except admit

that plaintiff purports to seek the relief as stated therein.

             2.   Deny the allegations set forth in paragraph "2" of the Complaint, except admit

that plaintiff purports to bring this action pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth

and Fourteenth Amendments to the Constitution of the United States as stated therein.

             3.   Deny the allegations set forth in paragraph "3" of the Complaint, except admit

that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

             4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit

that plaintiff purports to invoke the pendant jurisdiction of the Court as stated therein.

             5.   Deny the allegations set forth in paragraph "5" of the Complaint, except admit

that plaintiff purports to base venue as stated therein.

6.   Paragraph "6" of the Complaint contains plaintiff's demand for a trial by jury, to which no response is required.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.   Deny the allegations set forth in paragraph "8" of the Complaint, except admit that NYC HRA P.O. Natasha Blount (hereinafter "Blount") was employed as a police officer by the New York City Human Resources Administration ("NYC HRA") on or about September 26, 2017.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint as a "NYC HRA P.O. White" has not been identified.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint with respect to the employment status of "John Doe" defendants.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant City of New York (hereinafter "City") is a municipal corporation, organized pursuant to the laws of the State of New York.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff purports to sue the individual defendants in their individual capacities as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that that on or about December 21, 2017, a notice of claim regarding the alleged incident

which occurred on September 26, 2017, was served upon the Comptroller of the City of New York.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

16. In response to paragraph "16" of the Complaint, defendants repeat their responses to the previous paragraphs as set forth therein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit, upon information and belief, that plaintiff accompanied another person to the NYC HRA Waverly Center, which is located at 12 West 14th Street New York, New York (hereinafter "premises").

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit, upon information and belief, that there is a restroom on the first floor of the premises.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff attempted to re-enter the premises.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff attempted to re-enter the premises after the hours of operation.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint with respect to the alleged actions of "John Doe" defendants, except admit, upon information and belief, that plaintiff was not allowed to re-enter the building because the office had closed for the day.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37"  of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to plaintiff's reasoning.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff told Blount that he was having trouble breathing and she immediately called an ambulance.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that plaintiff was transported to the Northwell Lenox Hill Hospital.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

58. Deny the allegations set forth in paragraph "58" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

59. Deny the allegations set forth in paragraph "59" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

60. In response to paragraph "60" of the Complaint, defendants repeat their responses to the previous paragraphs as set forth therein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

63. Paragraph "63" of the Complaint contains only a conclusion of law, to which no response is required.

64. Deny the allegations set forth in paragraph "64" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

65. Deny the allegations set forth in paragraph "65" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

66. In response to paragraph "66" of the Complaint, defendants repeat their responses to the previous paragraphs as set forth therein.

67. Deny the allegations set forth in paragraph "67" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

68. Deny the allegations set forth in paragraph "68" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

69. Paragraph "69" of the Complaint contains only a conclusion of law, to which no response is required.

70. Deny the allegations set forth in paragraph "70" of the Complaint to the extent that it contains averments of fact; to the extent that it contains conclusions of law, no response is required.

71. Deny the allegations set forth in paragraph "71" of the Complaint and its subparts to the extent that it contains averments of fact, except admit that plaintiff purports to bring the causes of action and seek the damages stated therein; to the extent that it contains conclusions of law, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

72. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

73. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. Individual defendant Blount has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. At all times relevant to the acts alleged in the Complaint, defendant Blount acted reasonably in the proper and lawful exercise of her discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

76. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants City or Blount.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

77. Plaintiff's claims may be barred, in whole or in part, for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e, *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

78. Punitive damages cannot be assessed as against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

79. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

80. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

81. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

82. Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

83. Plaintiff provoked or was at fault for the alleged incident.

**WHEREFORE,** defendant City of New York and Natasha Blount request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           March 8, 2019

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendants City and Blount
100 Church Street, Room 3-235
New York, New York 10007
(212) 356-3504

By:     _____/s/_____
        MEGAN CONGER
        *Assistant Corporation Counsel*

cc:   **VIA ECF**
      Alan D. Levine, Esq.
      *Attorney for Plaintiff*