UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RONALD PURNELL,                                                             18 CV 11758 (ALC) (SN)

                    Plaintiff,                                   AMENDED
                                                                            COMPLAINT AND
      - against -                                                   JURY TRIAL
                                                                            DEMAND
NYC HRA P.O. NATASHA BLOUNT, Tax Registration
No. 993904, NYC HRA P.O. WHITE, FJC SECURITY
SERVICES, INC., JUAN HOLLY, DOMINIC GRAHAM,
NYC HRA P.O. "JOHN DOES" 1-2
and THE CITY OF NEW YORK,

                    Defendants.
-----------------------------------------------------------------------X

       Plaintiff, RONALD PURNELL, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest.

## VENUE

       5.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, RONALD PURNELL, was and is a natural person, presently resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant NYC HRA P.O. NATASHA BLOUNT, Tax Registration No. 993904 (hereinafter "BLOUNT") was and is a natural person, employed as a police officer by the Human Resources Administration (hereinafter "HRA") of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant NYC HRA P.O. WHITE (hereinafter "WHITE") was and is a natural person, employed as a police officer by the HRA of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant FJC SECURITY SERVICES, INC. (hereinafter "FJC") was and is a domestic business corporation with its principal office for the conduct of business located in the County of Nassau, State of New York.

11. At all times relevant hereto, defendant FJC, pursuant to a contract entered into with defendant CITY OF NEW YORK, provided security services for the HRA of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant JUAN HOLLY was and is a natural person, employed by defendant FJC as a security supervisor at the HRA's Waverly Center pursuant to defendant FJC's contract with defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant DOMINIC GRAHAM was and is a natural person, employed by defendant FJC as a security supervisor at the HRA's

Waverly Center pursuant to defendant FJC's contract with defendant CITY OF NEW YORK.

14. Upon information and belief, at all times relevant hereto, defendants HOLLY and GRAHAM worked in uniform alongside defendants BLOUNT and WHITE at the HRA's Waverly Center.

15. At all times relevant hereto, defendants HOLLY and GRAHAM acted in the course and scope of their duties as security supervisors employed by defendant FJC to provide security services under the aforementioned contract with defendant CITY OF NEW YORK at HRA's Waverly Center.

16. At all times relevant hereto, defendants HOLLY and GRAHAM acted under color of law and in the course and scope of their duties and authority as contracted agents of defendant CITY OF NEW YORK.

17. At all times relevant hereto, defendants NYC HRA P.O. "JOHN DOES" 1-2 were and are natural persons, employed as police officers by the HRA of defendant CITY OF NEW YORK.

18. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

19. The individual defendants are sued in their individual capacities.

20. On or about December 21, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

21. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

22. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND DEFENDANT FJC
### (42 U.S.C. §1983)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" hereinabove as if more fully set forth at length herein.

24. At all times relevant hereto, plaintiff has suffered from chronic obstructive pulmonary disease (COPD).

25. At all times relevant hereto, plaintiff has been reliant on oxygen transmitted into his lungs through a breathing device connected to an oxygen tank.

26. At the time of the events alleged in this action, plaintiff resided at Coler Hospital, which is a long-term care facility located on Roosevelt Island, in the City of New York.

27. On or about September 26, 2017, plaintiff accompanied a friend, who does not speak English fluently, and who is disabled and confined to a wheelchair, to HRA's Waverly Center, which is located at 12 West 14th Street in the County, City and State of New York (hereinafter "subject premises").

28. Plaintiff's purpose in going to the center with his aforementioned friend was to help her explain her needs to the caseworkers employed at the center.

29. When plaintiff and his friend arrived at the subject premises, they were given a number and directed to go to the second floor and wait.

30. Plaintiff and his friend did as they were instructed and, after approximately thirty to forty minutes, plaintiff's friend was called in to see a caseworker.

31. However, before plaintiff could sit down with his friend while she spoke to the caseworker, he had to use the bathroom.

32. The aforementioned bathroom was located on the first floor of the subject premises.

33. The aforementioned caseworker gave plaintiff a paper with her name on it and told plaintiff to show it to the HRA police officers and/or FJC security guards, who were working the security detail at the subject premises, when he was ready to come back upstairs.

34. When plaintiff finished in the bathroom, he stepped outside the subject premises to smoke a cigarette.

35. After finishing his cigarette, plaintiff attempted to reenter the subject premises.

36. However, the entrance door to the subject premises was locked.

37. Plaintiff knocked on the aforementioned door, which was opened by, upon information and belief, either defendant HOLLY or defendant GRAHAM.

38. At the aforementioned time and place, both defendants HOLLY and GRAHAM were acting in the course of their employment by defendant FJC, pursuant to defendant FJC's aforementioned contract with defendant CITY OF NEW YORK.

39. The aforementioned defendant who had opened the door told plaintiff that he should have heard an announcement that had allegedly been made, in which it had

supposedly been stated that, once a person left the center, he was not permitted to come back inside.

40. Plaintiff explained to the aforementioned defendant that he had not heard any such announcement, and that his friend was upstairs with her caseworker.

41. Plaintiff showed the piece of paper that he had been given by his friend's caseworker and explained to the aforementioned defendant that his friend needed his assistance in communicating with her caseworker.

42. However, the aforementioned defendant told plaintiff that he would not let him back into the subject premises and pushed plaintiff so hard that plaintiff's breathing apparatus came out of his nose.

43. Plaintiff grabbed the door to the subject premises so that the tube on his breathing apparatus would not get caught in the door as it was being closed and asked the aforementioned defendant what he was doing.

44. The aforementioned defendant grabbed plaintiff and threw him to the ground, where plaintiff lay on his right side.

45. The HRA officer defendants exited the building and joined the individual FJC defendants in assaulting plaintiff.

46. One of the aforementioned defendants pressed against plaintiff's throat with his forearm, causing plaintiff to gasp and say, "I can't breathe. Give me my oxygen."

47. One of the individual defendants, upon information and belief either HOLLY or GRAHAM, replied to plaintiff, "Fuck your oxygen. Get on your stomach and put your hands behind your back."

48. Plaintiff refused to turn over and lie on his stomach because he was afraid that, if he did so, the individual defendants would then jump on his back, thus compromising his breathing so severely that they might kill him.

49. Plaintiff kept on repeating, "Call an ambulance. Give me my oxygen. I can't breathe."

50. As plaintiff continued to ask for an ambulance and his oxygen, defendants DOES 1 and 2, acting at the direction of defendant WHITE, used their batons to beat plaintiff on his legs and ankles while they ordered him to roll over onto his stomach.

51. A female officer, upon information and belief defendant BLOUNT, told the other individual defendants to give plaintiff's oxygen back to him.

52. Once plaintiff was given his oxygen, several of the individual defendants picked him up, dragged him into the subject premises and then dropped him onto the floor.

53. Plaintiff commenced having an asthma attack, which he was still undergoing when an ambulance arrived.

54. The EMTs who had arrived in the ambulance immediately provided plaintiff with albuterol, which is a bronchodilator.

55. Plaintiff was transported to the Northwell Lenox Hill Greenwich Village Emergency Room, located at 30 Seventh Avenue, where he was treated.

56. At the aforementioned facility, x-rays were taken of plaintiff's left ankle.

57. The aforementioned x-rays were read as showing no fracture.

58. Defendant BLOUNT issued plaintiff a desk appearance ticket, falsely and maliciously charging him with trespass, a violation.

59. Plaintiff's left ankle remained painful and swollen for more than two weeks.

60. X-rays of plaintiff's left ankle subsequently taken at Coler Hospital were also read as negative for a fracture.

61. However, when there was no improvement in his left ankle's condition, plaintiff, on October 12, 2017, went to Bellevue Hospital Center.

62. Radiology at Bellevue Hospital Center determined that plaintiff had suffered an avulsion fracture of the interior aspect of his left lateral malleolus.

63. On November 20, 2017, plaintiff appeared in Criminal Court of the City of New York, County of New York, and received an adjournment in contemplation of dismissal on the aforementioned trespass charge.

64. The trespass charge against plaintiff has been dismissed and sealed.

65. The individual defendants and defendant FJC, its agents, servants and employees, violated plaintiff's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force and to be arrested only with probable cause, in that, acting under color of state law, they, without any cause or provocation whatsoever, fractured his left leg and arrested him for, and charged him with, trespass, without having probable cause to do so.

66. Because of the aforementioned acts committed by the individual defendants and defendant FJC, its agents, servants and employees, plaintiff suffered a deprivation of rights guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious and permanent physical injury; incurred medical expenses; and suffered a loss of his liberty.

67. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual HRA defendants hereto and by defendant FJC and its agents, servants and employees, as described hereinabove, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants and defendant FJC and its agents, servants and employees.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS BLOUNT, WHITE, DOES 1-2 AND THE CITY OF NEW YORK
(Battery)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" hereinabove as if more fully set forth at length herein.

69. On or about September 26, 2017, in front of the New York City Human Resources Administration's Waverly Center, which is a premises located at 12 West 14th Street in the County, City and State of New York, defendants BLOUNT, WHITE and DOES 1-2, without probable cause therefor, offensively touched plaintiff by throwing him to the ground, jumping on him, depriving him of the oxygen that he must constantly have because of a severe medical condition, and striking him in such a manner as to fracture his left leg.

70. The aforementioned force used by the aforementioned individual defendants was not reasonable under the circumstances.

71. At the aforementioned time and place, the aforementioned individual defendants were acting within the scope of their employment and/or supervision by defendant CITY OF NEW YORK.

72. By reason of the aforementioned battery committed against him by the aforementioned individual defendants, while they were acting within the scope of their employment and/or supervision by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, serious and permanent physical injury and incurred medical expenses for their treatment.

73. As a result of the battery committed upon him by the aforementioned individual defendants hereto, while they were acting within the scope of their employment and/or supervision by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the aforementioned individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS HOLLY, GRAHAM AND FJC
### (Battery)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" hereinabove as if more fully set forth at length herein.

75. On or about September 26, 2017, in front of the New York City Human Resources Administration Waverly Center, a premises located at 12 West 14th Street in the County, City and State of New York, defendants HOLLY AND GRAHAM, without probable cause therefor, offensively touched plaintiff by throwing him to the ground, jumping on him, depriving him of the oxygen that he must constantly have because of a severe medical condition, and striking him in such a manner as to fracture his left leg.

76. The aforementioned force used by the aforementioned individual defendants was not reasonable under the circumstances.

77. At the aforementioned time and place, the aforementioned individual defendants were acting within the scope of their employment by defendant FJC.

78. By reason of the aforementioned battery committed against him by the aforementioned individual defendants, while they were acting within the scope of their employment by defendant FJC, plaintiff suffered, and continues to suffer, serious and permanent physical injury and incurred medical expenses for their treatment.

79. As a result of the battery committed upon him by the aforementioned individual defendants hereto, while they were acting within the scope of their employment by defendant FJC, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the aforementioned individual defendants and defendant FJC.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT BLOUNT AND THE CITY OF NEW YORK
(False Arrest)

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "79" hereinabove as if more fully set forth at length herein.

81. On or about September 26, 2017, at approximately 6:00 P.M., in front of the HRA's Waverly Center, a premises located at 12 West 14th Street in the County, City and State of New York, defendant BLOUNT, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff and, against his own free will, caused him to be deprived of his liberty.

82. Defendant BLOUNT falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the violation of trespass.

83. At the time she committed the aforesaid act of false arrest, defendant BLOUNT was acting within the scope of her employment by defendant CITY OF NEW YORK.

84. By reason of the false arrest committed against him by defendant BLOUNT, while she was acting within the scope of her employment by defendant CITY OF NEW YORK, plaintiff suffered severe and permanent physical injury, required medical treatment for his injury, and suffered a loss of his liberty.

85. As a result of the false arrest committed against him by defendant BLOUNT, while she was acting within the scope of her employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries, as enumerated hereinabove and, in addition, seeks punitive damages against defendant BLOUNT.

WHEREFORE, plaintiff, RONALD PURNELL, demands judgment against defendants, NYC HRA P.O. NATASHA BLOUNT, Tax Registration No. 993904, NYC HRA P.O. WHITE, FJC SECURITY SERVICES, INC., JUAN HOLLY, DOMINIC GRAHAM, NYC HRA P.O. "JOHN DOES" 1-2 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants and defendant FJC;

SECOND CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants BLOUNT, WHITE and DOES 1-2;

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants HOLLY, GRAHAM and FJC; and

FOURTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant BLOUNT.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
August 26, 2019

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2427